# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **PACIFIC ENERGY & MINING CO.,** <br><br> Plaintiff, <br><br> vs. <br><br> **WEATHERFORD US LP,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:14cv19DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Weatherford US LP's Motion for a More Definite Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. The motion is fully briefed and the court concludes that oral argument is unnecessary.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the part cannot reasonably prepare a response." Defendant claims that it cannot reasonably prepare a response to Plaintiff's Complaint because it fails to provide the factual circumstances surrounding its claims for relief. More specifically, Defendant argues that the Complaint fails to describe the parties involved in the dispute, their roles in the project, and how Defendant's alleged conduct resulted in Plaintiff's alleged damages.

Plaintiff's Complaint alleges causes of action for breach of contract, fraudulent inducement, and intentional misrepresentation. Defendant claims that there is only one vague reference to an oral contract, there are no references to Plaintiff's performance under the contract, and references to other non-party businesses confuse the breach of contract issue. Plaintiff,

however, responds that Defendant has not dealt with it on other occasions, Defendant has as much knowledge with respect to the project as Plaintiff, and Defendant's partial performance of the contract demonstrates its knowledge of the contract. In reply, Defendant appears to question whether its contractual relationship was to Plaintiff or another entity involved in the project.

While it appears the Complaint sufficiently alleges that Plaintiff contracted with Defendant for the use of equipment and employees in connection with the drilling of a well, the court agrees with Defendant that Plaintiff should file an Amended Complaint setting forth more specific factual details in connection with that contract. Plaintiff should identify the general time frame of the relevant meetings, the role of the parties involved in the project, and their contractual responsibilities. As it is, the Complaint does not state enough information to determine whether there are statute of limitations issues or other possible defenses. While Plaintiff states that Defendant should have as much information with respect to the project as it has, the court cannot assume that Defendant can fill in any blank or missing information from the Complaint.

With respect to the fraud-based causes of action, the nature of the warranties and representations are adequately provided in the Complaint. But Plaintiff should identify whether those representations or warranties were given orally by an agent of Defendant or in a written submission and the general time frame in which those representations and warranties were given. Fraud-based claims must be pleaded with a higher degree of particularity and failure to meet those standards will only result in a subsequent motion to dismiss.

Accordingly, the court grants Defendant's Motion for a More Definite Statement and orders Plaintiff to file an Amended Complaint within 21 days of the date of this Order.

DATED this 29th day of May, 2014.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge