IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PACIFIC ENERGY & MINING CO., a Nevada Corporation,<br><br>       Plaintiff,<br>v.<br><br>WEATHERFORD US LP, a Louisiana Limited Partnership,<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER DENYING INTERVENTION<br><br>Case No. 2:14-CV-00019-DS-BCW<br><br>District Judge David Sam<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to Magistrate Judge Brooke C. Wells by District Judge Dale A. Kimball, pursuant to 28 U.S.C. § 636(b)(1)(A)[1]. The case has since been reassigned to District Judge David Sam.[2] Third party Dean H. Christensen ("Mr. Christensen") proceeding *pro se*, seeks to intervene under Rule 24(a)(2). Before the court is Mr. Christensen's Motion to Intervene, where he also seeks to disqualify counsel, and to stay the litigation[3] and Mr. Christensen's Motion to Stay Defendant's Motion to Enforce Subpoena in the State of Nevada.[4] The court has carefully reviewed the briefing in this matter. Pursuant to civil rule 7-1(f) of the United States District court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. For the reasons articulated more fully below, the court DENIES Mr. Christensen's Motion to Intervene and MOOTS Mr. Christensen's request for all additional relief in this case.

---

[1] Docket no. 38.

[2] Docket no. 55.

[3] Docket no. 76.

[4] Docket no. 82.

The party seeking to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) has the burden to show that the representation by the existing parties is inadequate.[5] An applicant may intervene as of right if "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded and (4) the applicant's interest is not adequately represented by existing parties."[6]

Mr. Christensen argues that intervention should be granted because he owns a working interest in the property (a well) and argues that he has a right to intervene in the case because Plaintiff is not litigating the instant matter pursuant to the terms of the Unit Operating Agreement and the Joint Operating Agreement governing the well.

The Defendant argues that the motion should be denied as untimely and because Mr. Christensen lacks an interest in the claim before the court. Defendant further argues that Mr. Christensen fails to establish inadequate representation such that intervention should be granted.

**A.  Mr. Christensen's Intervention Motion is untimely.**

Timeliness is to be determined in light of all circumstances in the case. The 10th Circuit has recognized the following important factors in assessing timeliness: (1) the length of time since the movant knew of its interest in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant.[7] These factors are not exclusive and the court should also consider the existence of any unusual circumstances.[8]

---

[5] *Coalition of Arizona/New Mexico Counties for Stable Econ. v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996).

[6] *Id.* at 840 (citation and quotation marks omitted) (alteration in original).

[7] *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.,* 619 F.3d 1223, 1232 (10th Cir. 2010)

[8] *Id.*

Defendant has produced evidence that Mr. Christensen knew of his interest in this case before this lawsuit was filed. The parties, however, agree that Mr. Christensen was aware of the litigation when he was at Mr. Welch's office on March 27, 2015.[9] Indisputably, over a year has passed since Mr. Christensen first became aware of this litigation. Because this case has been pending since it was filed in November of 2013, delay is of a significant concern.

When "the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention."[10] One of the circumstances in assessing timeliness of the motion to intervene is "the length of time the applicant knew or should have known its interest could diverge from the parties' interests before making the motion."[11] The court is not convinced that Mr. Christensen's interest is unprotected by the current parties but if these interests are not protected, Mr. Christensen surely knew this over a year ago. This factor weighs in favor of finding that Mr. Christensen's motion is untimely.[12]

Moreover, while the prejudice to the existing parties due to delay is great because new and additional discovery would have to be undertaken under the intervenor's complaint, the court cannot discern any possible prejudice to Mr. Christensen by disallowing intervention. Mr. Christensen argues that if intervention is not allowed, he will be prejudiced because Plaintiff has not filed a Federal Rule of Evidence 609 Notice, because Plaintiff has not filed a summary

---

[9] Docket no. 79, at 6.

[10] *Tri-State Truck Ins., Ltd. V. First Nat. Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4688857, at *5 (D. Kan. Oct. 5, 2011)

[11] *Id.* (citing *Edmonson*, 619 F.3d at 1232).

[12] *See Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 538 (10th Cir. 1987). *See also In re SEC*, 296 Fed. Appx. 637, 639 (10th Cir. 2008) (affirming trial court finding that intervention was untimely where proposed intervenor knew of lawsuit and its potential impact for more than a year); *APG Enters., Inc. v. Money & More, Inc*., 2011 WL 6328656, at *1 (D.Utah Nov. 2, 2011) (rejecting intervention as of right because the proposed intervenors waited "well over a year and a half" after claims accrued), *report & recommendation adopted* by 2011 WL 6328615 (D.Utah Dec. 16, 2011);

judgment motion, because Plaintiff will not be able to litigate his claims of fraud and RICO violations, and because Mr. Welch and his law firm will not be disqualified.

As a practical matter, Rule 609 governs impeachment of a witness regarding a past criminal conviction *at trial*. In addition, while Plaintiff may have concluded discovery, the deadline for Plaintiff to file for Summary Judgment has not passed.[13] Moreover, Mr. Christensen has not persuasively argued that Defendant's counsel—Mr. Welch's and his law firm—should be disqualified because of a possible conflict of interest. Mr. Christensen argues that because Mr. Welch's prior law firm represented one of Mr. Christensen's companies, disqualification is necessary, but Mr. Christensen does not detail the prior representation nor give a time frame for the representation. On the other hand, Mr. Welch offers, in a sworn Declaration that he worked at the prior firm from March 1, 2001 until December 31, 2007 and knew nothing of the companies that Mr. Christensen listed as creating a possible conflict.[14] The current parties will certainly face prejudice if intervention is allowed as intervention will result in two additional causes of action and additional discovery as well as additional discovery expense, meanwhile Mr. Christensen has not convinced the court he will be prejudiced if intervention is denied, therefore these factors also weigh in favor of denying intervention.

Additionally, the court finds Mr. Christensen will not be prejudiced by denying his request for intervention because Mr. Christensen argues that Plaintiff is not litigating this case pursuant to a Joint Operating Agreement ("JOA") between him and other owners of the well, which obligates Pacific Energy, the operator of the well, to protect the owners' interests.[15] Mr.

---

[13] *See* Docket no. 52.

[14] Docket no. 77-5, at p. 3–4.

[15] Docket no. 79, at 10.

Christensen therefore may have a separate breach of contract cause of action he could assert against Plaintiffs under the JOA.  Considering the foregoing, the motion to intervene is untimely.

The court finds that Mr. Christensen's motion to intervene should be denied on timeliness grounds and therefore does not analyze whether Mr. Christensen has an interest in the transaction at issue, whether his interest is being impaired, or whether his interest—if there is one—is adequately being represented by existing parties.[16]  Mr. Christensen's Motion to Intervene is hereby DENIED.[17]  In addition, Mr. Christensen's Motion to Stay Defendant's Motion to Enforce Subpoena and all other relief requested is MOOT.[18]

IT IS SO ORDERED

DATED this 13 April 2016.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[16] *Viesti Associates, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12-CV-00668-WYD-DW, 2014 WL 3766185, at *7 (D. Colo. July 30, 2014)  ("This Court therefore concludes that, in light of all these circumstances, Proposed Intervenors' motion to intervene under Rule 24(a) is untimely and therefore must be denied.").

[17] Docket no. 76.

[18] Docket no. 82.